THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ARTHUR BRENNAN MALLOY, ) | |
| a.k.a., Arthur D. Mallory, #101329, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:12-CV-496-TMH |
| ) | |
| CARTER F. DAVENPORT, et al., ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Arthur Brennan Malloy ["Malloy"], a state inmate, on June 1, 2012. In this petition, Malloy challenges the failure of the Alabama Board of Pardons and Paroles to issue a ruling on his November 12, 2008 application for a pardon.[1] Specifically, Malloy argues he is entitled to a pardon because: (1) He has alleged actual innocence based on the State's failure to establish his specific intent to commit the crime of first degree robbery, i.e., his conviction is improperly based on the transferred intent of his co-defendant, thereby creating a liberty interest in receiving a pardon;[2] (2) He has a constitutionally

---

[1] Malloy is currently incarcerated on a sentence of life without parole imposed upon him for first degree robbery in 1981 by the Circuit Court of Montgomery County, Alabama.

[2] On direct appeal, the Alabama Court of Criminal Appeals deemed the evidence presented against Malloy sufficient to support his conviction. *Mallory v. State*, 437 So.2d 595 (Ala.Cr.App. 1983).

protected liberty interest "flowing directly from the Due Process Clause in 'not' being denied" review of his application for a pardon "for arbitrary or constitutionally impermissible reasons[;]" and (3) The Board's failure to grant the relief requested is a violation of equal protection. *Petition for Habeas Corpus Relief - Doc. No. 1* at 5-8.

The respondents filed answers to the petition in which they argue that Malloy is entitled to no relief on his claims. Specifically, the respondents maintain the parole board has no jurisdiction to consider Malloy's application for a pardon as he has failed to present "clear proof of his [actual] innocence of the crime" and has not submitted to the parole board "the written approval [for a pardon] of the [trial or other appropriate circuit] judge ... or district attorney...." *Ala. Code* § 15-22-36(c). They argue that the board is barred from reviewing the application absent each of these requisite elements and such inaction is not violative of either due process or equal protection. Additionally, the respondents maintain that Malloy has not properly and fully exhausted his state remedies with respect to the claims presented to this court. In support of this argument, the respondents maintain that Malloy may appeal the order issued by the Circuit Court of Montgomery County, Alabama on January 28, 2013 denying his petition for writ of certiorari in which he challenged the parole board's refusal to issue a favorable ruling on his application for a pardon. It is therefore clear that Malloy has failed to exhaust state remedies with respect to his claims challenging the parole board's failure to consider his 2008 application for a

pardon.

Based on the foregoing, the court entered an order affording Malloy an opportunity to demonstrate why this petition should not be dismissed for his failure to exhaust state remedies. *Order of January 25, 2013 - Doc. No. 40*. Malloy has filed nothing in response to this order within the time allowed by the court.

## II. DISCUSSION

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ..." 28 U.S.C. § 2254(1)(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In addition, proper exhaustion of the claims raised by Malloy via appeal of the trial court's denial of his petition for writ of certiorari is necessary to avoid the bar of procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Smith v. Jones*, 256 F.3d 1135, 1140-1146 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136, 122 S.Ct. 1081, 151 L.Ed.2d 982 (2002); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002)

Upon review of the pleadings filed in this case and the directives of Alabama law,

it is clear that the petitioner has not yet exhausted his available state court remedies with respect to the claims presented in the instant petition for habeas corpus relief.  This court does not deem it appropriate to rule on the merits of Malloy's claims without first requiring that he fully exhaust the state remedies available to him.  *See* 28 U.S.C. § 2254(1)(b)(2). Moreover, it does not appear that a stay of this case is warranted pending the outcome of the requisite state court proceedings as there is nothing before this court which indicates "good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 1535 (2005).

In light of the foregoing, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that Malloy can pursue those state court remedies available to him.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The instant petition for habeas corpus relief be denied.

2. The petition be dismissed without prejudice to afford the petitioner an opportunity to exhaust all available state court remedies.

It is further

ORDERED that **on or before April 17, 2013**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 3rd day of April, 2013.

                            /s/Charles S. Coody
                        CHARLES S. COODY
                        UNITED STATES MAGISTRATE JUDGE